UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHARLES ANTHONY TIGGETT**,

    Petitioner,

v.                                                                   Case No. 8:22-cv-1406-WFJ-AAS

**UNITED STATES OF AMERICA**,

    Respondent.
_____/

## **ORDER**

Before the Court is Charles Anthony Tiggett's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1).[1] The United States of America ("Respondent") has responded in opposition (Civ. Dkt. 8). Upon careful review, the Court denies Petitioner's Motion.

## **BACKGROUND**

On August 26, 2018, Sarasota Police Department ("SPD") officers at a "drug buy" conducted a traffic stop on a vehicle in which Petitioner was a passenger. SPD ultimately detained Petitioner. Cr. Dkt. S-79 at 3. A search of Petitioner

---

[1] Citations to this civil case docket will be denoted as "Civ. Dkt. [document number]." Citations to Petitioner's prior criminal case, 8:18-cr-457-WFJ-AAS, will be denoted as "Cr. Dkt. [document number]."

revealed that he was concealing one glue tube with two pieces of crack cocaine, one cigar package containing eleven clear plastic bags holding MDMA, and a .25 caliber pistol. *Id.* at 3–4. Petitioner was arrested. A federal grand jury issued an indictment charging Petitioner, who was previously convicted of felonies, with possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Cr. Dkt. 5. Petitioner waived his right to a jury trial on January 31, 2020. Cr. Dkt. 53. Following a bench trial, Petitioner was found guilty of the charged offense on February 3, 2020. Cr. Dkt. 66.

At a sentencing hearing held on October 9, 2020, Petitioner's counsel objected to the Presentence Investigation Report's (the "PSR") inclusion of an armed career criminal enhancement based on Petitioner's prior drug offenses. Cr. Dkt. 106 at 6; *see also* Dkt. 79 at 5−6, 23. In support of this objection, Petitioner's counsel argued that the Florida Controlled Substance Act, Fla. Stat. § 893.13, is unconstitutional. Cr. Dkt. 106 at 6. The Court overruled the objection and adopted the PSR. *Id.* at 6−7. Petitioner faced a statutory minimum of 15 years—or 180 months—in prison. Cr. Dkt. 79 at 23. With a criminal history category of VI and an offense level of 31, Plaintiff's guideline imprisonment range was 188 months to 235 months. *Id.* The Court varied downward and sentenced Petitioner to 180 months' imprisonment followed by 60 months of supervised release. Cr. Dkt. 106 at 15; Cr. Dkt. 94.

On October 11, 2020, Petitioner timely appealed his sentence to the Eleventh Circuit Court of Appeals. Cr. Dkt. 96. Petitioner alleged that the Court erred in finding that his past drug convictions under section 893.13, Florida Statutes, constituted "serious drug offenses" under the Armed Career Criminal Act ("ACCA") and "controlled substance offenses" under the Sentencing Guidelines. Cr. Dkt. 117. The Eleventh Circuit affirmed Petitioner's sentence, holding that neither the ACCA nor the Sentencing Guidelines require a strict comparison of the federal statute elements to the state statute elements, but instead require a court to analyze the elements in the state statute and question whether the state offense "necessarily entails" the conduct outlined in the federal statute. *United States v. Tiggett*, 851 F. App'x 1009, 1010 (11th Cir. 2021).

Petitioner timely filed the instant Motion on June 21, 2022. Civ. Dkt. 1. Petitioner raises one ground for relief based on ineffective assistance of counsel. *Id.* at 4. Petitioner asserts that his attorney rendered ineffective assistance by failing to object to Respondent's use of two prior state drug convictions under section 893.13, leading to his ACCA enhancement. *Id.* Petitioner claims that section 893.13 "criminalizes a broader category of drugs than the federal statutory counterpart." *Id.* Accordingly, Petitioner requests that the Court "vacate the ACCA enhancement and hold an evidentiary hearing." *Id.* at 12.

3

## STANDARD OF REVIEW

On collateral review, the petitioner "has the burden of proof and persuasion on all the elements of his claim." *In re Moore*, 830 F.3d 1268, 1272 (11th Cir. 2016). This is "a significantly higher hurdle than would exist on direct appeal," *United States v. Frady*, 456 U.S. 152, 164–66 (1982); for, "[w]hen the process of direct review . . . comes to an end, a presumption of finality and legality attaches to the conviction and sentence" at issue. *Moore*, 830 F.3d at 1272 (citations omitted). "[I]f the Court cannot tell one way or the other" whether the petitioner's claim is valid, the petitioner has "failed to carry his burden of showing all that is necessary to warrant § 2255 relief." *Id*. at 1273.

## DISCUSSION

Counsel is ineffective under the Sixth Amendment if "(1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense such that petitioner was deprived of a fair [result]." *Dill v. Allen*, 488 F.3d 1344, 1354 (11th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A petitioner claiming ineffective assistance of counsel carries the burden of establishing both prongs. *Strickland*, 466 U.S. at 687.

To establish deficient assistance under *Strickland*, a petitioner must demonstrate that counsel's performance "fell below an objective standard of reasonableness." *Id*. at 688. The test is not "what the best lawyers would have

4

done" or "even what most good lawyers would have done." *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992). Instead, the question is "whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted[.]" *Id*. A petitioner must illustrate that "no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000).

To establish resulting prejudice under *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. If the petitioner fails to establish either of the *Strickland* prongs, his claim fails. *See Maharaj v. Sec'y, Dep't of Corr.*, 432 F.3d 1292, 1319 (11th Cir. 2005).

The Court addresses Petitioner's ineffective assistance of counsel claim before considering his entitlement to an evidentiary hearing.

I. **Ineffective Assistance of Counsel**

Petitioner argues that he is entitled to relief for ineffective assistance of counsel because his attorney failed to object to Respondent's use of two prior state drug convictions. Civ. Dkt. 1 at 4. According to Petitioner, section 893.13 defines "cocaine" more broadly and criminalizes a broader category of drugs than its

federal statutory counterpart, making the state law unconstitutional. *Id.* The Court disagrees.

Under the ACCA, a "serious drug offense" is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law[.]" 18 U.S.C. § 924(e)(2)(A)(ii). A "controlled substance" is defined by 21 U.S.C. § 802(6) as "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter." In turn, those schedules are codified in 21 U.S.C. § 812.

In determining whether an offense constitutes a "serious drug offense" under the ACCA, "courts generally apply a categorical approach, looking 'only to the fact of conviction and the statutory definition of the prior offense, instead of the actual facts underlying the defendant's prior conviction.'" *United States v. Simmons*, 820 F. App'x 923, 925 (11th Cir. 2020) (quoting *United States v. Robinson*, 583 F.3d 1292, 1295 (11th Cir. 2009)). This approach requires courts to ask whether the elements of the state offense "necessarily entail" the type of conduct identified in 18 U.S.C. § 924 (e)(2)(A)(ii). *Shular v. United States*, 140 S. Ct. 783, 785 (2020). As the Supreme Court held in *Shular*, the "serious drug offense" definition does not call for a comparison between the state offense and a generic offense listed in § 924(e)(2)(A)(ii). *Id.* at 782. Rather, "[t]he 'serious drug

6

offense' definition requires only that the state offense involve the conduct specified in the federal statute." *Id.* at 782.

The Eleventh Circuit has consistently held that drug convictions under section 893.13 are "serious drug offenses" under the ACCA. *See, e.g.*, *Brown v. United States*, No. 17-14215-C, 2018 WL 1474898, at * 2 (11th Cir. Apr. 21, 2021) ("A conviction under [section 893.13] is a conviction of a serious drug offense for the purpose of applying the ACCA.") Given this, Petitioner has failed to establish he received inadequate or ineffective counsel. Counsel is not required to object on grounds that are facially meritless. "A lawyer cannot be deficient for failing to raise a meritless claim." *Freeman v. Att'y Gen., State of Fla.*, 536 F.3d 1225, 1233 (11th Cir. 2008). Petitioner is consequently nowhere near meeting the burden of ineffective counsel for the alleged failures to object to the ACCA enhancements as the grounds he now forwards involves a meritless claim. What is more, Petitioner's counsel objected to the ACCA enhancements several times on record, including at the sentencing hearing and a formal written objection, alleging the lack of a mens rea element in section 893.13 renders the statute unconstitutional for federal enhancement purposes. Cr. Dkts. 81 & 106.

The Court recognizes that Florida includes stereoisomers within its controlled substance list, while the federal Controlled Substance Act bars "cocaine" and its geometric and optical isomers. Civ. Dkt. 1-2; *see also* Fla. Stat. §

7

893.03(2)(a)(4); 21 U.S.C. §§ 802(6), (14) & 812(c), (a)(4). Notwithstanding, as the Government notes, a semantic difference in statutory language does not amount to a "realistic probability" that the Florida statute applies more broadly than the federal counterpart. *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

Under *Gonzales*, an offender may show a "realistic probability" by demonstrating that "the statute was so applied in his own case. But he must at least point to his own case or other cases in which the state courts, in fact, did apply the statute in the special (nongeneric) manner for which he argues." *Id.* Petitioner has not shown either through his own case or cited cases that the Florida statute criminalizes a broader category of cocaine than the federal statute, which prevents the Petitioner from being prejudiced by counsel's failure to raise a claim.[2]

Petitioner also fails to present any evidence demonstrating that, had his counsel raised the above arguments, Petitioner would have had a reasonable expectation of success. *Strickland*, 466 U.S. at 694. Incompatible with the Petitioner's arguments, "precedent from the Supreme Court and the Eleventh Circuit establish that a conviction for the sale or delivery of cocaine under Florida

---

[2] *See generally Chamu v. U.S. Att'y Gen.*, 23 F.4th 1327 (11th Cir. 2022). The defendant in *Chamu* similarly claimed that section 893.13 is overly broad because the Florida and federal statutes mention varying types of isomers in cocaine. *Id.* The *Chamu* court rejected the argument, affirming the Board of Immigration's determination that "[Chamu] might have shown a theoretical difference in statutory scope," but failed to cite a "realistic probability that the Florida statute would be enforced more broadly." *Id.*

law is a serious drug offense under the ACCA." *See Brown v. United States*, No. 3:17-cv-529-J-32JRK, 2021 WL 22248, at *5 (M.D. Fla. Jan. 4, 2021).

Finally, it is worth noting that the Court originally stayed Petitioner's proceedings until the Eleventh Circuit issued *United States v. Jackson II*, 55 F.4th 846 (11th Cir. 2022). *Jackson II* held that "ACCA's 'serious drug offense' definition incorporates the version of the controlled substances list in effect when the defendant was convicted of his prior state drug offense." *Id.* at 849; *See also* Civ. Dkt. 5-6. There, the defendant had ioflupane-related drug convictions that served as the basis for his ACCA enhancement. However, the federal government subsequently struck ioflupane from the controlled substance schedule in 2015. *Id.* Shortly after the federal removal, Florida removed ioflupane from their state-controlled substance list on July 1, 2017. *Id.* But because ioflupane was a controlled substance at the time of the defendant's ioflupane-related convictions, his ACCA enhancement based on those convictions was valid. This is relevant to the Petitioner's claims, as his previous drug convictions were in 2002 and 2014. Cr. Dkt. 82. *Jackson II* does not improve Petitioner's claim.

**II.     Evidentiary Hearing**

The Petitioner is not entitled to an evidentiary hearing. "A petitioner is entitled to an evidentiary hearing if he alleges facts that, if true, would entitle him to relief." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014)

9

(internal quotations and citations omitted). Therefore, an ineffective assistance of counsel claim, must set forth "facts that would prove both that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance." *Hernandez v. United States*, 778 F.3d 1230, 1232–33 (11th Cir. 2015). "[A] district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous[.]" *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) (citation omitted).

    Here, it is evident by the record that the Petitioner's claims lack merit. Consequently, it is clear that Petitioner is not entitled to relief. His counsel was neither deficient nor was the performance prejudicial. Summary dismissal is appropriate. *See Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002) (finding that "a district court faced with a § 2255 motion may make an order for its summary dismissal [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief").

### III.    Certificate of Appealability ("COA")

    Petitioner is similarly not entitled to a certificate of appealability. A petitioner moving under § 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district

court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." Petitioner has made no such showing. Petitioner is therefore entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Civ. Dkt. 1) is **DENIED**.

(2) A certificate of appealability and leave to appeal *in forma pauperis* is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on May 25, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record